CLD-084                                                      **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-2514
_____

ERIC BARKSDALE,

Appellant

v.

SUPERINTENDENT SING SING
_____

On Appeal from the United States District
Court for the District of New Jersey
(D.C. Civ. No. 14-cv-03491)
District Judge: Mary L. Cooper
_____

Submitted for Possible Summary Action Pursuant to Third Circuit LAR 27.4 and
I.O.P. 10.6 and for a Certificate of Appealability Pursuant to 28 U.S.C. § 2253
December 17, 2015

Before: FISHER, JORDAN and VANASKIE, <u>Circuit</u> <u>Judges</u>

(Opinion filed: January 12, 2016)
_____

OPINION*
_____

PER CURIAM

Eric Barksdale appeals from an order of the District Court dismissing his petition

for a writ of habeas corpus, 28 U.S.C. § 2241, with prejudice. For the reasons that

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.
follow, we will summarily affirm.

Barksdale, who presently is confined at Sing Sing Correctional Facility in Ossining, New York, challenged, through a § 2241 petition filed in the United States District Court for the District of New Jersey, a federal sentence imposed on him in that same court that he has not yet begun to serve. On or about June 23, 2009, Barksdale was sentenced in state court in New York to a term of imprisonment of 10 years and that is the sentence he is currently serving. But Barksdale also was sentenced to a term of imprisonment of 10 months in the New Jersey federal court pursuant to a plea of guilty to one count of conspiracy to commit bank fraud, in violation of 18 U.S.C. § 1349, see D.C. Crim. No. 07-cr-00788. The federal criminal Judgment filed on March 31, 2010 in that case, which Barksdale did not appeal, shows that the District Court ordered that the federal sentence run "consecutive to any current undischarged term of imprisonment," and that the District Court recommended that the Bureau of Prisons ("BOP") designate FCI Fort Dix as the place for Barksdale to serve his federal sentence.

In his § 2241 petition, Barksdale alleged that "the 10 months should have been made to run concurrent with the state [sentence] of 10 years or the BOP should have designate[d] petitioner's state prison as [the] place of confinement for service of his federal sentence…." Petition, at ¶ 13. Barksdale asked the District Court to order the BOP to review his request for a *nunc pro tunc* designation and to give it full and fair

consideration. Petition, at ¶ 15.[1] Barksdale further argued that pursuing administrative remedies through the BOP would be futile. Barksdale also stated that a federal detainer had been lodged against him on January 20, 2011, based on the federal sentence that is to be served upon completion of his state sentence.

We note that Barksdale also filed a motion seeking similar relief in his criminal case, see D.C. Crim. No. 07-cr-00788, asserting that, if his state and federal sentences were to run concurrently, he could participate in the educational programs offered at Sing Sing. In an order entered on May 12, 2015, the District Court denied this motion to the extent that Barksdale sought to modify his federal sentence so that it would run concurrently with his state sentence. The Court reasoned that it lacked jurisdiction to amend the criminal judgment because Federal Rules of Criminal Procedure 35 and 36 do not confer such jurisdiction. The Court noted further that the one-year limitation period for filing a motion to vacate sentence, see 28 U.S.C. § 2255(f)(1), had already expired. Barksdale has not appealed this order and so this particular matter is not before us for review, but we note that, in these proceedings, the Government, in its response to the motion, stated that Barksdale's conditional release date from his state sentence is December 6, 2016.

---

[1] Pursuant to 18 U.S.C. § 3621(b), the BOP has the authority in some circumstances to designate a state institution as the official facility for service of a federal sentence, and the BOP may implement such a designation *nunc pro tunc*. See Barden v. Keohane, 921 F.2d 476, 478-79 (3d Cir. 1990). In Barden, it was the state judge who ordered that the petitioner's state sentence run concurrently to a previously-imposed federal sentence. Id. at 478. The petitioner then served the state sentence first.

In the meantime, in an order entered on May 11, 2015, the District Court summarily denied Barksdale's § 2241 petition with prejudice. The Court, citing In re: Dorsainvil, 119 F.3d 245, 251-52 (3d Cir. 1997), concluded that § 2255 is neither inadequate nor ineffective to warrant bringing a § 2241 petition seeking an order allowing a federal sentence to run concurrently with a state sentence. The Court noted further that, to the extent that the petition could be deemed a true § 2255 motion, it was time-barred because the action was filed three years after the § 2255 statute of limitations had expired.

Barksdale appeals. We have jurisdiction under 28 U.S.C. § 1291. A certificate of appealability is not required to appeal from the denial of a § 2241 petition. See Burkey v. Marberry, 556 F.3d 142, 146 (3d Cir. 2009). Our Clerk advised Barksdale that the appeal was subject to summary action under Third Cir. LAR 27.4 and I.O.P. 10.6, and that the Court also would consider whether a certificate of appealability was required to proceed. Barksdale was invited to submit argument in writing, and he has filed a motion for a certificate of appealability, which we will construe as a summary action response. In his submission, Barksdale argues that a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 is available to a federal prisoner who seeks, as he does, to challenge the execution of his sentence, citing Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 241 (3d Cir. 2005). Barksdale argues further that he is entitled to an unspecified amount of credit against his federal sentence.

We will summarily affirm the order of the District Court, with one modification, because no substantial question is presented by this appeal, Third Circuit LAR 27.4 and

4

I.O.P. 10.6. Although Barksdale is correct that a federal prisoner may resort to a § 2241 petition to challenge the execution of his sentence, see Cardona v. Bledsoe, 681 F.3d 533, 535 (3d Cir. 2012) (citing Woodall, 432 F.3d at 241), generally such a petition must be bought in the district where the prisoner is confined. See Braden v. 30th Judicial Cir. Ct. of Kentucky, 410 U.S. 484, 495 (1973) (holding that the language of § 2241(a) requires that "the court issuing the writ have jurisdiction over the custodian"). See also Rumsfeld v. Padilla, 542 U.S. 426, 443 (2004). Barksdale is not presently confined in the District of New Jersey. Moreover, although he noted that a federal detainer was lodged against him on January 20, 2011, he does not argue that the detainer is the basis for his assertion of jurisdiction – he might, for example, have mentioned this date because he seeks a credit against his federal sentence from the date the detainer was lodged against him.

In any event, even if Barksdale can eventually satisfy the § 2241 jurisdictional requirements, federal prisoners are required to exhaust their administrative remedies prior to seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241. See Moscato v. Federal Bureau of Prisons, 98 F.3d 757, 761 (3d Cir. 1996). See also United States v. Brann, 990 F.2d 98- 103-04 (3d Cir. 1993). The authority to calculate a federal prisoner's period of incarceration for the federal sentence imposed and to provide credit for time served is delegated to the Attorney General, who acts through the BOP. United States v. Wilson, 503 U.S. 329, 334-35 (1992). In calculating the sentence, the BOP determines (1) when the federal sentenced commenced, and (2) whether there are any credits to which the prisoner may be entitled. 18 U.S.C. § 3585(a), (b).

5

Either before or after the BOP calculates Barksdale's conditional release date from federal prison, Barksdale may request, through the administrative process, the *nunc pro tunc* designation he seeks and/or make a request for a specific amount of credit for time served in state custody. Barksdale argued in his § 2241 petition that exhaustion of administrative remedies would be futile, and yet, ironically, the specific relief he asked for was an order directing the BOP to give full and fair consideration to his request for a *nunc pro tunc* designation. Petition, at ¶ 15. Plainly then, exhaustion of administrative remedies in his case would not be futile. At a minimum, exhaustion of administrative remedies will allow the BOP to develop a factual record, which then will facilitate judicial review. See Bradshaw v. Carlson, 682 F.2d 1050, 1052 (3d Cir. 1981).

In sum, Barksdale may challenge the execution of his federal sentence through a § 2241 petition after exhausting his administrative remedies, assuming that he can satisfy the jurisdictional requirements. We express no view whatever on the outcome of any such challenge.[2] Accordingly, we will summarily affirm the District Court's dismissal of his § 2241petition, but do so on the basis of failure to exhaust administrative remedies. The dismissal is without prejudice.

For the foregoing reasons, we will summarily affirm the order of the District Court, with the modification noted.

---

[2] Generally, multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently, 18 U.S.C. § 3584(a). Here, the District Court, in sentencing Barksdale to 10 months in prison on the bank fraud conviction, specified that his federal sentence should run consecutively to his previously-imposed state sentence. In addition, section 3585(b) prohibits double credit where time has previously been credited to a state sentence.